IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSEE LEE KEEL III,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| v. | : | |
| **SEPTA'S PHILADELPHIA HOUSING** | : | |
| **AUTHORITY C.L.S.** *et al.,* | : | **No. 21-1843** |
| *Defendants* | : | |

### MEMORANDUM

PRATTER, J.                                                                                                   JUNE 17th, 2021

Jessee Lee Keel III seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Keel leave to proceed *in forma pauperis*, but will dismiss the Complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim.

### I.   FACTUAL ALLEGATIONS AND LITIGATION HISTORY

Mr. Keel has a history of submitting filings that are difficult to understand. His more recent filings tend to concern either or both state criminal proceedings initiated against him and alleged misuse of his social security number that he believes may include theft of his social security benefits. Thus far, he has not articulated a plausible claim within this Court's jurisdiction that would enable him to proceed with any of the civil cases he has filed here. Because Mr. Keel's litigation history provides context, the Court will recite it here.

**A.   Mr. Keel's Prior Cases**

Mr. Keel's litigation history begins in 2011 when he filed a civil rights lawsuit against a local hospital, among others, based on allegations that his dentures were misplaced. *See Keel v. Aria Frankford Hospital (Bucks)*, C.A. No. 11-7148 (E.D. Pa.). After granting Mr. Keel leave to proceed *in forma pauperis*, the Court dismissed his Complaint as frivolous because he did not allege a constitutional violation. *Id.* (ECF No. 2). The United States Court of Appeals for the

Third Circuit affirmed. *Keel v. Aria Frankford Hospital (Bucks)*, No. 11-4404 (Mar. 13, 2012 Opinion).

In 2012, Mr. Keel next filed a civil rights action against the Commonwealth of Pennsylvania, the City of Philadelphia, and two courts within the Pennsylvania Unified Judicial System in which he alleged that bail money was either not refunded to him or mistakenly credited toward payment of costs and fees in a case to which he is not a party. *Keel v. Commonwealth*, C.A. No. 12-1069 (E.D. Pa.). The Court granted Mr. Keel leave to proceed *in forma pauperis* and dismissed his Complaint upon statutory screening because the state courts he sued were immune from suit under 42 U.S.C. § 1983 and Mr. Keel had not pled a basis for municipal liability. *Id.* (ECF No. 5).

In 2014, Mr. Keel filed a civil action against 1260 Housing Development Corporation, Columbus Property Management & Development, Inc., and "Extra Space Storage." *Keel v. 1260 Housing Dev. Corp.*, C.A. No. 14-7396 (E.D. Pa.). The Court again granted Mr. Keel leave to proceed *in forma pauperis* and, finding the basis of his claims entirely unclear, directed Mr. Keel to file an amended complaint with specific factual information about his claims. *Id.* (ECF No. 2). He did not do so.

Mr. Keel filed five cases in 2016. Three of those cases appeared to concern similar factual and legal issues related to Mr. Keel's prosecution in the Philadelphia Court of Common Pleas and his allegations that his social security number was stolen. *See Keel v. Commonwealth of Pa. Ct. of Common Pleas*, C.A. No. 16-305 (E.D. Pa.); *Keel v. Commonwealth of Pa. Ct. of Common Pleas*, C.A. No. 16-1329 (E.D. Pa.); *Keel v. Druscey*, C.A. No. 16-1453 (E.D. Pa.); *see also Commonwealth v. Keel*, CP-51-CR-0011256-2015 & CP-51-CR-0011257-2015 (Phila. C.P.). The three cases were consolidated but did not progress because Mr. Keel failed to provide

his prison account statement as required to proceed *in forma pauperis*. Mr. Keel filed a fourth case in 2016, in which he sued his court-appointed defense counsel, but he failed to either pay the fees or move to proceed *in forma pauperis*, so that case did not progress. *Keel v. Hobson*, C.A. No. 16-3256 (E.D. Pa.).

Mr. Keel sufficiently complied with the *in forma pauperis* requirements in his fifth 2016 case, but his case was dismissed upon screening. *Keel v. Chung*, C.A. No. 16-4013 (E.D. Pa.). The Court dismissed his initial complaint because, although it appeared to pertain to prosecutions, Mr. Keel relied heavily on exhibits and his factual allegations were unclear. *Id.* (ECF No. 6). The Court gave Mr. Keel leave to file an amended complaint, but he returned with numerous documents, "including a copy of his social security card, a copy of his driver's license, copies of his bank account statements, his correspondence with several administrative agencies, and a copy of the docket for his criminal proceeding." *Keel v. Chung*, C.A. No. 16-4013, 2017 WL 382299, at *1 (E.D. Pa. Jan. 26, 2017). Although the case was dismissed due to Mr. Keel's failure to file an amended complaint, the Court reopened the case at Mr. Keel's request to consider his belated amended complaint, which claimed that Mr. Keel's girlfriend, with the assistance of Assistant District Attorney Jessica Chung, "had him falsely prosecuted so she could steal his social security benefits while he was incarcerated." *Id.* The Court dismissed the amended complaint because, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), most of Mr. Keel's claims were not cognizable because the two prosecutions he challenged — *Commonwealth v. Keel*, CP-51-CR-0011256-2015 & CP-51-CR-0011257-2015 (Phila. C.P.) — did not terminate in his favor. These *Heck*-barred claims were dismissed without prejudice to reassertion upon favorable termination. *Id.* at *2. To the extent Mr. Keel raised other claims, they were not discernable from his filings and therefore dismissed. *Id.* The Court declined to

give Mr. Keel further leave to amend, noting that despite specific instruction, Mr. Keel continued to submit "documents and exhibits" to the Court rather than submitting a proper pleading. *Id.* at 3.

Mr. Keel filed three cases in 2017. First, he filed a facially confusing lawsuit primarily alleging that he was wrongfully charged with various criminal offenses in the Philadelphia Court of Common Pleas and that SEPTA police caused him to be in the hospital. *See Keel v. Feuerer*, C.A. No. 17-2373 (E.D. Pa.). The Court dismissed the complaint for failure to state a claim because: (1) it pursued *Heck*-barred claims; (2) it pursued claims barred by absolute prosecutorial immunity; (3) it asserted claims pursuant to 42 U.S.C. § 1983 against defendants who were not state actors; and (4) any remaining claims, including any excessive force claim, was not adequately pled. *Id.* (ECF No. 7). Although Mr. Keel was given leave to file an amended complaint, he failed to do so, and the case was dismissed without prejudice for failure to prosecute. *Id.* (ECF No. 9.)

Mr. Keel's second 2017 case, which again pursued claims against various members of the criminal justice system, was dismissed for failure to prosecute because Mr. Keel failed to provide the required paperwork for proceeding *in forma pauperis*. *See Keel v. Commonwealth of Pa.*, C.A. No. 17-2773 (E.D. Pa.). The complaint in his third 2017 case, in which he likewise sued assorted members of the criminal justice system, was dismissed for failure to state a claim because it was not clear what the basis for Mr. Keel's claims were against the defendants, given that he described his claims as " 'Who is A Jessee Keel. All Federals Governments Documents Do Not SAY That in A Jesse Keel Person At All And Legal Document Prove that I AM Mr. Jesse Lee Keel III.'" *Keel v. Franklen*, C.A. No. 17-3009 (E.D. Pa.) (ECF No. 6, ¶ 4).

4

Mr. Keel's case was dismissed without prejudice when he failed to file an amended complaint after being given leave to do so.

Mr. Keel filed three cases in 2019. In his first case, he sued the Philadelphia Housing Authority, Community Legal Services, and two individuals based on allegations that his housing voucher was terminated and that incorrect records were used against him in Court, possibly in connection with his social security benefits. *Keel v. Phila. Hous. Auth.*, C.A. No. 19-1931 (E.D. Pa.). The Court dismissed Mr. Keel's complaint because it failed to comply with Federal Rule of Civil Procedure 8 or state a claim, and because the Court certainly could not direct the prosecution of Mr. Keel's girlfriend as he requested. *See id.*, 2019 WL 2089503, at *2 (E.D. Pa. May 10, 2019). Mr. Keel's amended complaint in that case, which also alleged improper use of his social security benefits and attached assorted exhibits, fared no better and was dismissed for the same reasons. *See id.*, 2019 WL 2524092, at *2 (E.D. Pa. June 17, 2019) (explaining that Mr. Keel's "allegations and exhibits do not provide any plausible basis for concluding that Mr. Keel's rights have been violated or that Defendants are liable to him in any way").

Mr. Keel's second 2019 case raised claims against a department of a bank in connection with Mr. Keel's allegations that money was stolen from his bank account and that the bank failed to reimburse him. *Keel v. Direct Express Bank Fraud Servs. Dep't*, C.A. No. 19-3813 (E.D. Pa.). The Court dismissed Mr. Keel's complaint for lack of subject matter jurisdiction but gave him leave to amend. *Id.*, 2019 WL 4383928, at *2 (E.D. Pa. Sept. 12, 2019). The Court treated additional submissions of Mr. Keel's as his amended complaint and dismissed the amended complaint for the same reason.

Mr. Keel's third 2019 case raised claims against various prosecutors and various criminal defense attorneys. *See Keel v. Williams*, C.A. No. 19-4797 (E.D. Pa.) Mr. Keel's allegations in

part pertained to a *habeas* proceeding in which counsel was appointed to represent him to challenge his guilty plea in the two 2015 criminal cases from the Philadelphia Court of Common Pleas — *Commonwealth v. Keel*, CP-51-CR-0011256-2015 & CP-51-CR-0011257-2015 (Phila. C.P.). These are the same criminal cases underlying several of Mr. Keel's prior cases. The Court again explained to Mr. Keel that he could not pursue any civil rights claims challenging the constitutionality of his intact convictions, that the prosecutors whom he sued were entitled to absolute prosecutorial immunity for their role in prosecuting him, and that the attorneys appointed to represent him were not state actors for purposes of liability under § 1983. *See Keel v. Williams*, C.A. No. 19-4797, 2019 WL 5588838, at *3 (E.D. Pa. Oct. 29, 2019) & *id.*, 2019 WL 5997343, at *3 (E.D. Pa. Nov. 1, 2019). The Court also concluded that, to the extent Mr. Keel was pursuing other claims, they were too convoluted to proceed, and that further amendment would be futile given the defects in the complaint and Mr. Keel's litigation history.

## B. Mr. Keel's 2021 Litigation Including the Present Case

In 2021, Mr. Keel filed four cases. Two of his initial submissions, which were docketed as new cases, were not complaints, but rather, collections of documents spanning assorted topics. *See In re: Keel*, C.A. No. 21-1139 (E.D. Pa.) (ECF No. 1) (group of letters and documents that relate to various topics including: (1) the Pennsylvania Department of Drug and Alcohol Programs' investigation into a complaint Mr. Keel filed; (2) Mr. Keel's efforts to recover from drug or alcohol addiction; (3) criminal proceedings involving Mr. Keel dating back a few years; and (4) matters related to Mr. Keel's social security number); *In re: Keel*, C.A. No. 21-1501 (E.D. Pa.) (ECF No. 1) (initial submission comprised of 142 pages of documents apparently pertaining to prior criminal cases in which Mr. Keel was a defendant, the alleged theft of Mr. Keel's social security number, Mr. Keel's addiction recovery efforts, and Mr. Keel's bank

account). Mr. Keel was given an opportunity to pay the fees or seek leave to proceed *in forma pauperis* and was directed to file a complaint if he sought to proceed in the cases. Since he failed to do so, his prior cases were dismissed without prejudice.

Mr. Keel then filed two more cases on April 19, 2021, including this case. Mr. Keel was ordered to file a proper motion to proceed *in forma pauperis* in the pending case if he sought to proceed without paying the filing fees. Although he responded to the Court's order, his pending Motion to Proceed *In Forma Pauperis*, like many of his filings, contains personal identifiers even though this Court has repeatedly instructed Mr. Keel not to include such information in his filings. Mr. Keel also failed to complete the form application to proceed *in forma pauperis* that was sent to him again, despite instruction that he do so. Nevertheless, it appears that he is supporting himself with social security disability income and that he qualifies for other social services such that he meets the criteria for proceeding *in forma pauperis*. (*See* C.A. No. 21-1843, ECF No. 6 at 2 & 17.)

Turning to Mr. Keel's Complaint, it is not clear whom Mr. Keel intends to name as defendants in this matter. Rather than listing the defendants in the caption as required by Federal Rule of Civil Procedure 10(a), the caption of Mr. Keel's Complaint contains sentence fragment where the defendants should be listed, namely: "Philadelphia City Corrupts All Arresting Police Officers Septa's Philadelphia Houseing [sic] Authoritys C.L.S. to C.B.H. I.C.M.s to Direct Expres [sic] Banks Citizen Bank TD Bank F.B.I.s Citys Criminals and inititys [sic] and unfair businesses as C.B.H. Rehabs." (C.A. No. 21-1843, ECF No. 2 at 1.)[1] The body of the Complaint lists the Defendants as: (1) "Philadelphia Citys C.B.H.s"; (2) Criminal Justice Center; (3) "Philadelphia Arresting Police"; and (4) "Jessca [sic] Chung District Attorney." (*Id.* at 3.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

His claims again appear to correspond with the criminal proceedings initiated against him in 2015 — *see Commonwealth v. Keel*, CP-51-CR-0011256-2015 & CP-51-CR-0011257-2015 (Phila. C.P.) — because he has written those case numbers on his Complaint. (Doc. No. 2 at 3.) In 2016, Mr. Keel pled guilty in those cases to aggravated assault and two counts of possessing an instrument of crime and was sentenced to a term of imprisonment. *See Commonwealth v. Keel*, CP-51-CR-0011256-2015 & CP-51-CR-0011257-2015 (Phila. C.P.). The dockets reflect that on August 6, 2020, Mr. Keel was granted partial expungement with the consent of the Philadelphia District Attorney's Office. *See id.*

The Court understands Mr. Keel to be alleging as the basis for his claims, as he has before, that another person is using his social security number and stole his benefits. (Doc. No. 2 at 3-4.) He generally alleges that the City of Philadelphia, the F.B.I., and other public workers are corrupt, including police officers who arrested him. (*Id.* at 4.) Regarding his arrest, Mr. Keel states he was arrested "as a Jesse Keels Person's withs ups states PP # Number 080206 nots me." (*Id.*) The Court is unclear as to what he means by this statement. Mr. Keel states that his arrest was conducted by SETPA officers on July 19, 2015. (*Id.* at 5.) He seeks damages for his wrongful detention. (*Id.*)

## II. STANDARD OF REVIEW

Although Mr. Keel has failed to follow the Court's instructions by properly completing the form application to proceed *in forma pauperis*, the Court will once again grant him leave to proceed *in forma pauperis* because it appears from his submissions that he is not capable of prepaying the fees to commence these cases. However, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss a complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record in determining whether a plaintiff states a claim. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 575 U.S. 532 (2015). Because Mr. Keel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a

9

pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, C.A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

Mr. Keel continues to have difficulty clearly articulating his claims to the Court. This Complaint does not make clear with sufficient particularity who the defendants are, what each defendant did to give rise to a claim, and, more basically, what happened that supposedly caused Mr. Keel harm. That is so despite Mr. Keel's long history of litigation in this Court and the repeated instruction that, if he wants to sue someone, he must explain in a manner that can be understood what that person did to cause him harm. Here, the substance of Mr. Keel's Complaint is so vague and unintelligible that it fails to comply with Federal Rule of Civil Procedure 8. The defendants, to the extent they could be identified and served, could not meaningfully respond to the pleadings.

Nevertheless, liberally construing this Complaint, the Court can identify some potential bases for Mr. Keel's claims here. In particular, Mr. Keel may be raising Fourth Amendment

claims, pursuant to 42 U.S.C. § 1983,[2] based on: (1) his arrests in July 2015 and October 2019;[3] (2) his prosecution in the 2015 criminal cases in the Philadelphia Court of Common Pleas, *Commonwealth v. Keel*, CP-51-CR-0011256-2015 & CP-51-CR-0011257-2015 (Phila. C.P.); and (3) matters involving the theft of his social security number and/or theft of his benefits, which may or may not relate to the 2015 prosecution. Although Mr. Keel also alleges general governmental corruption, these allegations are conclusory, entitled to no weight and are not tied to any subject matter other than, potentially, the subject matter identified by the Court.

Turning first to Mr. Keel's false arrest claims, these claims are governed by Pennsylvania's two-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Because Mr. Keel was arraigned on July 21, 2015, *see Commonwealth v. Keel*, MC-51-CR-0022519-2015 & MC-51-CR-0022520-2015 (Phila. Mun. Ct.), his false arrest claims stemming from a July 2015 arrest accrued on that date. However,

---

[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

[3] The allegations about Mr. Keel's October 2019 arrest are contained in an attachment to his Motion to Proceed *In Forma Pauperis* in Civil Action Number 21-1845. Accordingly, they are not technically part of the pleadings in this case. Nevertheless, the Court will consider these statements, given the Third Circuit's often liberal approach to construction of *pro se* pleadings when litigants are having difficulty articulating their claims. *See Edwards v. Rice*, 837 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) (finding a Fourth Amendment claim based on a review of the "amended complaint, when read in conjunction with the original complaint and the attached exhibits" despite the general rule that an amended complaint supersedes the original pleading).

Mr. Keel did not file his Complaint until April 19, 2021, so any claims based on his July 2015 arrest are time-barred.

To the extent Mr. Keel is challenging his October 2019 arrest, this claim is not time-barred, but it is not plausible. This date appears to correspond with a date upon which Mr. Keel was charged with violating his probation in the 2015 criminal cases. To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. An arrest for violation of probation or parole only requires reasonable suspicion that the terms of probation or parole were violated. *See generally Griffin v. Wisconsin*, 483 U.S. 868, 875-80 (1987); *see also Breslin v. Brainard*, C.A. No. 01-7269, 2003 WL 22133833, at *7 (E.D. Pa. Sept. 15, 2003) ("To prevail on his claim that his arrest violated his constitutional rights under the Fourth Amendment, plaintiff must show that Knorr lacked reasonable suspicion to believe that plaintiff had violated one of the conditions of his parole."). Here, Mr. Keel alleges nothing about the circumstances of his arrest, what he was arrested for, or why reasonable suspicion or probable cause was lacking for the arrest. Accordingly, he has not stated a plausible claim. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and malicious prosecution "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

To the extent Mr. Keel is raising malicious prosecution claims based on his prosecution in the 2015 cases, he likewise has not stated a claim. A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). Because it appears from the docket that Mr. Keel's convictions were partially expunged, *Heck* would no longer bar claims challenging the expunged convictions.[4] However, Mr. Keel has not alleged any facts explaining why probable cause was lacking for his prosecution or how any of the defendants acted maliciously in prosecuting him. Furthermore, as previously explained to Mr. Keel in connection with his prior cases, prosecutors are absolutely immune from liability for damages under § 1983 based on their initiation and prosecution of charges on behalf of the Commonwealth. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Similarly, to the extent Mr. Keel sought to sue Judge Coleman based on how the judge handled Mr. Keel's criminal cases, Judge Coleman would be entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (explaining that judges are entitled to absolute immunity from civil rights claims that are

---

[4] Of course, if Mr. Keel is challenging an intact conviction, *Heck* would still apply. *See Heck*, 512 U.S. at 486-87 ("[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" (footnote and citation omitted)).

13

based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction).

Mr. Keel's Complaint suffers from another overarching defect, which pervades all his claims. To be liable in a civil rights action "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Mr. Keel has not clearly identified the defendants and, for those defendants who are discernable, he has not alleged how each was personally involved in the violation of his rights. In other words, he has failed to allege what each defendant did or did not do that caused him harm in connection with his arrests, prosecution, use of his social security information, or any other matter. Additionally, at least one entity clearly identified as a defendant — the Criminal Justice Center — is not a "person" subject to liability under § 1983. *See Elansari v. United States*, C.A. No. 15-01461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016) (stating it is well-established that federal civil rights claims against a courthouse are not cognizable under § 1983, which permits suit against a "person" only); *see also Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment). Furthermore, although Mr. Keel appears to believe that his social security number has been misused, he has not explained how it has been misused and how the alleged misuse of his social security number translates into a federal claim for relief.

In sum, Mr. Keel's Complaint suffers from numerous defects. It does not contain clear allegations specifying the who, what, where, when, and why that make up the basis for his claims. To the extent the Court can discern some defendants against whom Mr. Keel seeks to

proceed and some of the subject matter upon which Mr. Keel seeks to proceed, he has not stated a basis for a plausible claim. Accordingly, the Complaint will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Keel leave to proceed *in forma pauperis*, and dismiss his Complaint without prejudice for failure to comply with Rule 8 and for failure to state a claim.

Mr. Keel is reminded that if he hopes to file an amended complaint, it must clearly state the name of each defendant in the caption and must clearly state what each defendant did or did not do to cause him harm. Mr. Keel is also reminded not to include full personal identifiers in his filing and that he must explain the factual basis for his claims rather than relying primarily on documents or exhibits. An appropriate order follows.

BY THE COURT:

GENE E. K. PRATTER, J.
UNITED STATES DISTRICT JUDGE