IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSEE LEE KEEL III,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| v. | : | |
| **SEPTA'S PHILADELPHIA HOUSING** | : | |
| **AUTHORITY C.L.S.** *et al.*, | : | **No. 21-1843** |
| *Defendants* | : | |

**O R D E R**

AND NOW, this 17th day of June, 2021, upon consideration of Plaintiff's Complaint (Doc. No. 1), Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 6), and Plaintiff's Second Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 7), it is **ORDERED** that:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 6) is **GRANTED** pursuant to 28 U.S.C. § 1915;

2. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 7) is **DEEMED MOOT**;

3. The Complaint is **DEEMED** filed;

4. The Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 8 and for failure to state a claim;

5. Plaintiff may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Keel's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Mr. Keel should be

mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Mr. Keel should not rely on unexplained exhibits to state a claim and should not include personal identifiers, such as his social security number and date of birth, in his amended complaint. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court;

6. The Clerk of Court is **DIRECTED** to send Mr. Keel a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the civil action Number 21-1843. Mr. Keel may use this form to file his amended complaint if he chooses to do so.[1]

7. If Mr. Keel does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action numbers for these cases. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8. If Mr. Keel fails to file any response to this Order, the Court will conclude that Mr. Keel intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER, J.
UNITED STATES DISTRICT JUDGE

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).